## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 3:16-cr-0020 |
| | ) |
| **KEENAN POWELL-RYDER,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### ORDER

**BEFORE THE COURT** is the motion of Keenan Powell-Ryder ("Powell-Ryder") to conduct the sentencing in this matter by video conference.

On May 17, 2016, the United States filed a one count information charging Keenan Powell-Ryder ("Powell-Ryder") with possession with the intent to distribute marijuana. Thereafter, on July 5, 2016, the Court accepted Powell-Ryder's plea of guilty to the charge in the information. Powell-Ryder's sentencing hearing is currently set for August 4, 2020.

On July 28, 2020, Powell-Ryder filed a motion requesting the Court to enter an order authorizing Powell-Ryder to attend the sentencing hearing in this matter by video conference in light of the COVID-19 pandemic. The United States has not responded to Powell-Ryder's request to conduct the sentencing by video conference.

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent

of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2),

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, the Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period unless terminated earlier.

Given these findings, Powell-Ryder requests that the Court make a finding that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. Powell-Ryder asserts that he has been detained for a period of approximately 8 months in this matter.[1] Additionally, Powell-Ryder contends that the

---

[1] Powell-Ryder was arrested by the U.S. Marshal on December 4, 2019, after he failed to appear for the initial sentencing hearing in this matter scheduled for November 17, 2016. Powell-Ryder has remained detained since his arrest.

applicable sentencing range should be 10 to 16 months. Powell-Ryder also argues that while the "[presentence report ("PSR")] reports a guideline range of 21 to 27 months[,] [t]he government writes in its sentencing memorandum that the appropriate guideline range is 15 to 21 months and recommends a sentence of 15 months." *See* ECF No. 47 at 2. Regardless of which sentencing range the Court ultimately determines to be appropriate, Powell-Ryder argues that the Bureau of Prisons ("BOP") cannot consider him for home confinement pursuant to its authority under 18 U.S.C. § 3624(c)(2) and the CARES Act until he has been sentenced in this matter. Based on the amount of time he has already served, his offense of conviction, and several health issues, Powell-Ryder argues that the BOP could determine that he is immediately eligible for home confinement. As such, Powell-Ryder argues that, if the sentencing in this matter is further delayed, he could end up serving more time incarcerated than if the sentencing were to proceed by video conference as scheduled. Given these circumstances, Powell-Ryder argues that a delay in sentencing would result in serious harm to the interests of justice.

Since the enactment of the CARES Act, most district courts have found that serious harm to the interests of justice exists when delay risks harm to a defendant's due process rights by, for example, forcing defendant to serve greater time in custody than the guideline range would recommend for his offense. *Cf. United States v. Short*, No. 3:15-CR-0174, 2020 U.S. Dist. LEXIS 72509 (D. Conn. Apr. 24, 2020); *United States v. Collazo*, No. 2:19-00120, 2020 U.S. Dist. LEXIS 67949 (S.D.W.V. Apr. 17, 2020); *United States v. Emory*, No. 19-00109 JAO, 2020 U.S. Dist. LEXIS 66148 (D. Haw. Apr. 13, 2020); *United States v. Jones*, No. 19-225, 2020 U.S. Dist. LEXIS 58149 (D. Minn. Apr. 2, 2020); *United States v. Harry*, No. 19-cr-535, 2020 U.S. Dist. LEXIS 56323 (E.D.N.Y. Mar. 31, 2020).

Here, while Powell-Ryder has not yet served the minimum term of the guideline range,[2] a delay in the sentencing hearing will result in a delay of the BOP's consideration of Powell-Ryder for home confinement. Significantly, this Court previously determined that

---

[2] While there appears to be some disagreement between the United States Office of Probation ("Probation"), the United States, and Powell-Ryder as to the appropriate guideline range, it is undisputed that he has not served the minimum term according to any of the ranges calculated by the parties or Probation.

Powell-Ryder is ineligible for release pending sentencing because he could not show by clear and convincing evidence that he is not a flight risk. *See* Order at 3, July 23, 2020, ECF No. 45. As such, Powell-Ryder will not be eligible for any release consideration until this Court sentences him. Similar to forcing a defendant to serve greater time in custody than recommended for his offense, delaying the sentencing hearing in this matter would leave Powell-Ryder in a state of limbo—where the BOP cannot consider him for home confinement because he has not yet been sentenced by this Court. Moreover, the number of COVID-19 cases in the Virgin Islands has more than quadrupled over the last five weeks. This recent spike has caused the Court to pause its resumption of normal operations. As such, it may be a significant time before the Court can safely resume in-person proceedings. In the meantime, the backlog of cases and hearings delayed continues to rise. Given these circumstances, the Court concludes that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. *See, e.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020) (concluding that the sentencing hearing could not be further delayed without serious harm to the interests of justice because delay "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume"); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020) (same).

The premises considered, it is hereby

**ORDERED** that Powell-Ryder's motion, ECF No. 47, to conduct the sentencing in this matter by video conference is **GRANTED**; it is further

**ORDERED** that the sentencing hearing in this matter previously scheduled to commence at 9:00 A.M. on August 4, 2020, is hereby **RESCHEDULED** to commence promptly at 9:30 A.M. on August 4, 2020; and it is further

**ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** August 3, 2020                  */s/ Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **District Judge**